**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANTONIO R. WRIGHT,

        Plaintiff,

vs.                                        Case No. 3:18-cv-1214-J-32PDB

PUBLIX SUPERMARKETS, INC.,

        Defendant.

## **ORDER**

On October 18, 2018, the Court entered an Order upon review of pro se plaintiff's complaint advising him that his complaint did not properly allege a basis for the federal court to exercise jurisdiction. See Order, Doc. 3. The Order explained what types of cases can be filed in federal court, explained why plaintiff's complaint, as pled, did not fall within the Court's jurisdiction, suggested other claims he could potentially bring (in this court or elsewhere), and recommended that he seek counsel or visit the free weekly Legal Information Program. Id. Plaintiff has filed an amended complaint which again claims that he was terminated from his employment with Publix after he suffered an on-the-job injury to his foot, for which he seeks $70,000,000 in combined compensatory and punitive damages. See Amended Complaint, Doc. 5. He alleges that the Court has federal question jurisdiction (citing 42 U.S.C. § 1981, 28 U.S.C. §§ 1331, and 1343(1)(3) and (4)), contending that Publix terminated him without providing procedural due process in violation of the Fourteenth Amendment. Because plaintiff has not included any allegations by which the Court could plausibly find that Publix was acting under color of state law (as is required to bring a

Fourteenth Amendment claim[1]), and because a claim of disability discrimination is not actionable under 42 U.S.C. § 1981,[2] plaintiff has again failed to plead a claim over which this Court has subject matter jurisdiction. While the Court extends latitude to the filings of pro se litigants, it cannot rewrite their filings for them.[3] The Court has given plaintiff guidance and permitted him to file an amended complaint. At this point, the Court has no option but to dismiss his case.[4]

Accordingly, it is hereby

**ORDERED**:

Plaintiff's amended complaint (Doc. 5) is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of January, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
pro se plaintiff

---

[1] See, e.g., Harris v. McDonald's Corp., 901 F. Supp. 1552, 1557 (M.D. Fla. 1995), citing United States v. Price, 383 U.S. 787, 794 n.7 (1966).

[2] See, e.g., Shotz v. City of Plantation, 344 F.3d 1161, 1176-77 (11th Cir. 2003); Brandon v. Lockheed Martin Aero. Systs., 393 F. Supp. 2d 1341, 1354 (N.D. Ga. 2005).

[3] See, e.g., Campbell v. Air Jamaica, Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

[4] Plaintiff included some language in his filing about fraud on the court and disqualification of judges. It is not clear what the intent of that was, but the undersigned does not view it as a request to recuse, nor as a basis to do so.